UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EYETALK365, LLC,<br><br>              Plaintiff,<br>v.<br>ZMODO TECHNOLOGY CORPORATION LIMITED,<br><br>              Defendant. | Case No. 3:17-cv-00686-RCJ-PAL<br><br>**ORDER**<br><br>(Mot. to Seal – ECF No. 84) |
| EYETALK365, LLC<br><br>              Plaintiff,<br>v.<br>ZMODO TECHNOLOGY CORPORATION LIMITED,<br><br>              Defendant. | Case No. 2:17-cv-02714-RCJ-PAL<br><br>**ORDER**<br><br>(Mot. to Seal – ECF No. 177) |

These matters are before the court on Defendant Zmodo Technology Corporation Limited's ("Zmodo") Motion to Seal (ECF No. 84) in Case No. 3:17-cv-00686, and Motion to Seal (ECF No. 177) in Case No. 2:17-cv-02714.[1] These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

The motions seek leave to file under seal Plaintiff's Eyetalk365, LLC's ("Eyetalk") Objections and Answers to Zmodo's First Set of Requests for Production, served August 1, 2018. This document is submitted to the court as Exhibit B to Zmodo's Motion to Compel Discovery Relating to Plaintiff's Motion to Disqualify, which is filed in both cases. *See* Sealed Exhibit (ECF No. 85), Case No. 3:17-cv-00686; Sealed Exhibit (ECF No. 179), Case No. 2:17-cv-02714. Zmodo filed Exhibit B under seal because counsel for Eyetalk designated the document as "Highly

---

[1] Case No. 2:17-cv-02714 was transferred to this district from the Western District of North Carolina.

Confidential – Attorneys' Eyes Only" pursuant to the protective orders entered in these cases. Protective Order (ECF No. 33), Case No. 3:17-cv-00686; Protective Order (ECF No. 109), Case No. 2:17-cv-02714. Zmodo expressed no position regarding the confidentiality of the document.

As the party who designated Exhibit B confidential, Eyetalk is required to meet the standards articulated by the Ninth Circuit in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), to overcome the presumption of public access to judicial files, records, motions, and any exhibits. *See also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding that the standards courts apply to sealing requests turn on the relevance of the documents to the substantive merits of a case—not on the relief sought). Under *Kamakana* and its progeny, a party must make a particularized showing to overcome the presumption of public accessibility. The mere fact that one party designated information as confidential under a protective order does not satisfy this standard. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket protective orders are over inclusive by nature and do not include a finding of "good cause").

Additionally, if a sealing order is permitted, it must be narrowly tailored. *Press-Enterprise Co. v. Superior Ct. of Cal.*, 464 U.S. 501, 512 (1984). Only those portions of a motion and/or exhibit that contain specific reference to confidential documents or information may be filed under seal. *See In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). The remainder of the motion and other exhibits that do not contain confidential information, must be filed as publicly-accessible documents. *See* LR IA 10-5(b) ("The court may direct the unsealing of papers filed under seal, with or without redactions, after notice to all parties and an opportunity to be heard."). Pursuant to *Kamakana* and LR 10-5, the party designating any document(s) as confidential must submit a memorandum of points and authorities presenting articulable facts that identify the interests in favor of a document's continued secrecy, and showing that these specific interests outweigh the public's interests in transparency.

Here, Zmodo seeks leave to file Exhibit B under seal because Eyetalk has marked the document "Highly Confidential – Attorneys' Eyes Only." However, this statement alone does not

overcome the presumption of public access. The court appreciates that the motions were filed to comply with Zmodo's obligation to treat documents designated by opposing counsel as confidential, but the mere statement that Eyetalk designated the documents as confidential does not establish a particularized showing for sealing. As the party who designated the document confidential, Eyetalk is required to meet the standards articulated in *Kamakana* and its progeny.

The court will allow Exhibit B to remain sealed temporarily so the parties and their counsel may confer about what, if any, portion of the document should be sealed. If Eyetalk determines that Exhibit B should remain sealed, Eyetalk must file an appropriate memorandum of points and authorities on or before **August 23, 2018**, making a particularized showing why the documents should remain under seal. If Eyetalk determines that only a portion of Exhibit B warrants sealing, Eyetalk must file a redacted version along with its memorandum of points and authorities. Pursuant to *Kamakana* and its progeny, any memorandum of points and authorities or motion to file under seal must set forth either good cause or compelling reasons to support the sealing request. Accordingly,

**IT IS ORDERED:**

1. The Sealed Exhibit (ECF No. 85), in Case No. 3:17-cv-00686, and Sealed Exhibit (ECF No. 179), in Case No. 2:17-cv-02714, referenced in Zmodo's motions shall remain under seal until **August 23, 2018**.

2. With respect to filing documents under seal, the parties must comply with: (i) the Local Rules of Practice regarding electronic filing and filing under seal, (ii) the Ninth Circuit's opinions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, and (iii) the appropriate CM/ECF filing procedures.

3. As the designating party, Eyetalk shall have until **August 23, 2018**, to review Exhibit B and FILE either: (i) an appropriate memorandum of points and authorities indicating the document should remain under seal, or (ii) a notice indicating that the document does not require sealing.

4. To support any sealing request, a memorandum of points and authorities must make a *particularized* showing why the document(s) or portion thereof should remain under

seal. If only a portion of the document(s) warrants sealing, the memorandum must attach a proposed redacted version. The memorandum may also include a supporting declaration or affidavit and/or proposed order granting the motion to seal.

5. If no memorandum of points and authorities is timely filed in compliance with this Order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

DATED this 15th day of August, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE