UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EYETALK365, LLC, | Case No. 3:17-cv-00686-RCJ-PAL |
| Plaintiff, | Case No. 2:17-cv-02714-RCJ-PAL |
| v. | ORDER |
| ZMODO TECHNOLOGY CORPORATION LIMITED, | (Mot Compel – ECF Nos. 83 and 116) |
| Defendant. | |

The court conducted a hearing on plaintiff's Motion to Compel Discovery (ECF No. 116) on June 19, 2018, at 10:30 a.m. Tim Craddock appeared on behalf of plaintiff, and Thomas Pasternak appeared on behalf of defendant. The court orally ruled on the motion at the hearing indicating a written order would issue.[1] The court has considered the motion, defendant's Response (ECF No. 122), plaintiff's Reply (ECF No. 127) and the arguments of counsel at the hearing.

Having reviewed and considered the matter, the court will compel Zmodo to respond to plaintiff's Request for Production served March 31, 2017, and Second Request for Production and First Set of Interrogatories served August 18, 2017. In meet and confer sessions counsel for Zmodo has indicated it does not have many of the responsive documents which are in the possession of its wholly owned subsidiary, EPTCO, but that it would attempt to obtain EPTCO's cooperation. Zmodo responded to most of the discovery requests in dispute in the motion to compel indicating it would produce responsive documents to which it did not object. However, more than a year after the first set was served Zmodo has still not produced them, nor committed to a timeline for producing responsive documents.

---

[1] This order was drafted the same day of the hearing, but through an oversight, was not processed and sent to the clerk's office for filing. Neither side has indicated it was waiting for the written order or needed clarification of the oral ruling.

Zmodo's response to the motion to compel argues that no court order is required because the defendant has responded to the discovery requests at issue stating that documents will be produced, and is in the process of collecting the documents including documents from its wholly owned subsidiary, EPTCO. The response does not indicate when responsive documents will be produced.

The court finds that defendant's general objections do not comply with the requirements of Fed. R. Civ. P. 34 which requires each response to "state with specificity" the grounds for which an objection is stated. The court also finds that defendant's general objections to all of the requests are blanket boilerplate objections which are tantamount to no objections at all. The court finds that the defendant is in control of documents and evidence in the care, custody, and control of its wholly owned subsidiary EPTCO for purposes of complying with its discovery obligations in this case. The court also finds that defendant has failed to comply with this court's Order (ECF No. requiring compliance with Local Patent Rule 1-9 by May 29, 2018. *See,* Order (ECF No. 111).

Shortly after transfer from the Western District of North Carolina Eyetalk sought an order compelling Zmodo to produce technical documents that should have been produced before transfer pursuant to that district's local patent rules. The court denied Eyetalk's request finding that the prejudice to plaintiff for Zmodo's failure to produce discovery in accordance with the Western District of North Carolina' Local Patent Rules would be cured by disclosures required by this court's local rules for newly asserted claims in Case No. 3:17-cv-00686. *See* Order (ECF No. 103). However, as indicated, Zmodo did not comply with this court's order to produce documents required by Local Patent Rule 1-9 by the May 2018 deadline

Having carefully reviewed and considered the moving and responsive papers and the arguments of counsel,

**IT IS ORDERED** that:

1. Plaintiff's Motion to Compel (ECF No. 116) is **GRANTED**.
2. Defendant shall produce documents responsive to the following discovery requests in its care, custody, and control, and in the care, custody, and control of its wholly owned subsidiary EPTCO no later than **July 3, 2018** to include (a) all technical documents

related to accused products as required under this court's LPR 1-9; (b) a complete response, without objections, to plaintiff's Request for Production Nos. 1, 2, 5, 6, 8, 10, 15, 17-21, and 24-29; and (c) a complete response, without objections, to plaintiff's Interrogatory Nos. 1, 2, 4-7, 9, and 10.

3. Defendant is warned that failure to timely and fully comply with this order will result in the imposition of sanctions up to and including case-dispositive sanctions.

4. Defendant's general objections are overruled and waived, except for a legitimate claim of attorney-client or work-product privilege. Defendant shall have until **July 3, 2018** to serve plaintiff with a privilege log which fully complies with the requirements of Fed. R. Civ. P. 26(b)(5) with respect to any documents responsive to the plaintiff's discovery requests that have been withheld on the basis of privilege. Failure to timely comply will result in a finding of waiver.

5. Defendant's responses to the discovery requests compelled by this order shall fully comply with the requirements of Rule 34(b)(2).

DATED this 23rd day of August, 2018, *nunc pro tunc* to June 19, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE