# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EYETALK365, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>ZMODO TECHNOLOGY CORP. LIMITED,<br><br>    Defendant. | 2:17-cv-02714-RCJ-PAL<br><br>**ORDER** |
| EYETALK365, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>ZMODO TECHNOLOGY CORP. LIMITED,<br><br>    Defendant. | 3:17-cv-00686-RCJ-PAL<br><br>**ORDER** |

These two related cases arise out of the alleged infringement of six patents for an audio-video doorbell system. Pending before the Court are two motions for judgment on the pleadings.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Eyetalk365, LLC ("Eyetalk") is a North Carolina company and the assignee of U.S. Patent No. 9,432,638 ("the '638 Patent") entitled "Communication and Monitoring System," which issued on August 30, 2016. (Compl. ¶¶ 2, 11–12, ECF No. 1). Defendant

Zmodo Technology Corp. Limited ("Zmodo") is a Nevada company. (*Id.* ¶ 3). Eyetalk sued Zmodo in the Western District of North Carolina, alleging direct infringement of Claims 1 and 6 of the '638 Patent in violation of 35 U.S.C. § 271(a) "by making, using, offering for sale, selling, and/or importing [infringing] devices in the United States," (*id.* ¶ 13), as well as inducing infringement of those claims in violation of § 271(b), (*id.* ¶ 21). Zmodo answered and filed counterclaims for declaratory judgment of non-infringement and invalidity under §§ 101, 102, 103, and 112. (Answer & Countercl., ECF No. 15). Both parties demanded a jury.

Zmodo moved to dismiss for failure to state a claim under § 101 and also moved for summary judgment, arguing the effective filing date of the '638 Patent was March 24, 2015 and that claims 1–20 were invalid under § 102(a)(1) as anticipated by U.S. Patents Nos. 7,193,644; 8,154,581; and/or 8,164,614. Eyetalk answered the Counterclaim and moved to dismiss Zmodo's fourth through ninth affirmative defenses for failure to satisfy Rule 8(c). Chief Judge Whitney of the Western District of North Carolina denied the dispositive motions without prejudice as premature. (This Court later denied the motions to dismiss and declined to address any motions for summary judgment until after claim construction.)

Soon after the Supreme Court decided *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017), Zmodo filed a motion to dismiss or transfer for improper venue because it resided in the District of Nevada and had no regular and established place of business in the Western District of North Carolina. *See* 28 U.S.C. § 1400(b); *TC Heartland LLC*, 137 S. Ct. at 1520–21. Chief Judge Whitney transferred the case to this District. The case was randomly assigned to Judge Dorsey but randomly reassigned to this Court because Judge Dorsey was not a patent pilot program judge. Judge Du and the undersigned jointly reassigned related Case No. 3:17-cv-686 from Judge Du to this Court. In that case, Eyetalk sued Zmodo in this

District for infringement of U.S. Patents Nos. 9,485,478; 9,516,284; 9,635,323; 9,706,178; and 9,648,290 (collectively with the '638 Patent, "the Patents"), each of which is also entitled "Communication and Monitoring System." The Court issued a *Markman* order as to Claims 1 and 6 of the '638 Patent, construing one disputed term and ruling that no further construction was necessary for the remaining six disputed terms. The parties stipulated that no further claim construction was necessary in the '686 Case. Zmodo has moved for judgment on the pleadings in both cases, arguing that the Patents are invalid under § 102.

## II. LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standards governing a Rule 12(c) motion are the same as those governing a Rule 12(b)(6) motion. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference . . . is the time of filing. . . . [T]he motions are functionally identical . . . ."). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d

1061, 1071 (9th Cir. 2009). A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III. ANALYSIS

A claimed invention is invalid for failure to satisfy the "novelty" requirement of the Patent Act if it "was described in a patent issued . . . or in an application for patent

published . . . in which the patent or application . . . names another inventor and was effectively filed before the effective filing date of the claimed invention." 35 U.S.C. § 102(a)(2). A claimed invention is not anticipated under this section, however, if "the subject matter disclosed was obtained directly or indirectly from the inventor or a joint inventor," *id.* § 102(b)(2)(A), or if "the subject matter disclosed and the claimed invention, not later than the effective filing date of the claimed invention, were owned by the same person or subject to an obligation of assignment to the same person," *id.* § 102(b)(2)(C).

The priority date of a patent application can pre-date the application itself by claiming priority to a previous application. To claim priority to a previous application, a later application must explicitly claim priority at a time when the previous application remains pending, regardless of whether the previous application ultimately results in a patent. *Id.* § 120 ("An application for patent for an invention . . . in an application previously filed . . . which names an inventor or joint inventor in the previously filed application shall have the same effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier filed application."). If a previous application has been abandoned, granted, or otherwise terminated such that it is no longer pending when a later application first claims priority to thereto, the later application does not benefit from the priority date of the previous application. *See id.*

Because of the interplay between §§ 102 and 120, a careless applicant could under the proper circumstances sabotage his own application by: (1) filing Application A that describes a given invention; and (2) later filing Application B that claims the invention (with a different

inventor than identified in Application A) without a proper claim of priority to Application A. Even if a patent is ultimately granted for the invention under Application B, if Application A is later determined to have been abandoned (or granted or otherwise terminated) before Application B properly claimed priority to Application A, Application B will not be entitled to Application A's priority date. If Application A has been published, however, its disclosures will constitute "prior art" that renders any invention described therein non-novel under § 102. This is what Defendant argues happened with the Patents in this case. The phenomenon is—no pun intended—not novel. *See Encyclopedia Britannica, Inc. v. Alpine Elecs. Of Am., Inc.*, 609 F.3d 1345 (Fed. Cir. 2010) (holding that a patentee's application published in 1991 anticipated the patentee's own later-claimed invention because a 1994 application in the chain of priority of the later-claimed invention failed to refer to an application with a priority date of 1989). In *Encyclopedia Britannica*, the misstep was a failure to refer to an earlier application. Here, the alleged misstep was a failure to file the later application at all before the abandonment of the earlier application, which of course would necessarily constitute a failure to refer to the earlier application before its abandonment.

     Defendant argues that the Patents each claim a priority date of October 15, 2002, but that because of a flaw in the chain of priority under § 120, the actual priority date of the Patents is March 26, 2015. Defendant argues that it does not matter whether the America Invents Act ("AIA") or prior law applies here, because under the AIA, the Patents are anticipated under § 102(a)(1), and under pre-AIA law, they would be anticipated under pre-AIA § 102(b). Defendant provides a very helpful diagram on page 5 of its motion, which illustrates that the Patents issued from various continuation applications in a single chain of priority, the earliest of which was Provisional Application No. 60/418,384, filed on October 15, 2002. However,

inventor than identified in Application A) without a proper claim of priority to Application A. Even if a patent is ultimately granted for the invention under Application B, if Application A is later determined to have been abandoned (or granted or otherwise terminated) before Application B properly claimed priority to Application A, Application B will not be entitled to Application A's priority date. If Application A has been published, however, its disclosures will constitute "prior art" that renders any invention described therein non-novel under § 102. This is what Defendant argues happened with the Patents in this case. The phenomenon is—no pun intended—not novel. *See Encyclopedia Britannica, Inc. v. Alpine Elecs. Of Am., Inc.*, 609 F.3d 1345 (Fed. Cir. 2010) (holding that a patentee's application published in 1991 anticipated the patentee's own later-claimed invention because a 1994 application in the chain of priority of the later-claimed invention failed to refer to an application with a priority date of 1989). In *Encyclopedia Britannica*, the misstep was a failure to refer to an earlier application. Here, the alleged misstep was a failure to file the later application at all before the abandonment of the earlier application, which of course would necessarily constitute a failure to refer to the earlier application before its abandonment.

    Defendant argues that the Patents each claim a priority date of October 15, 2002, but that because of a flaw in the chain of priority under § 120, the actual priority date of the Patents is March 26, 2015. Defendant argues that it does not matter whether the America Invents Act ("AIA") or prior law applies here, because under the AIA, the Patents are anticipated under § 102(a)(1), and under pre-AIA law, they would be anticipated under pre-AIA § 102(b). Defendant provides a very helpful diagram on page 5 of its motion, which illustrates that the Patents issued from various continuation applications in a single chain of priority, the earliest of which was Provisional Application No. 60/418,384, filed on October 15, 2002. However,

inventor than identified in Application A) without a proper claim of priority to Application A. Even if a patent is ultimately granted for the invention under Application B, if Application A is later determined to have been abandoned (or granted or otherwise terminated) before Application B properly claimed priority to Application A, Application B will not be entitled to Application A's priority date. If Application A has been published, however, its disclosures will constitute "prior art" that renders any invention described therein non-novel under § 102. This is what Defendant argues happened with the Patents in this case. The phenomenon is—no pun intended—not novel. *See Encyclopedia Britannica, Inc. v. Alpine Elecs. Of Am., Inc.*, 609 F.3d 1345 (Fed. Cir. 2010) (holding that a patentee's application published in 1991 anticipated the patentee's own later-claimed invention because a 1994 application in the chain of priority of the later-claimed invention failed to refer to an application with a priority date of 1989). In *Encyclopedia Britannica*, the misstep was a failure to refer to an earlier application. Here, the alleged misstep was a failure to file the later application at all before the abandonment of the earlier application, which of course would necessarily constitute a failure to refer to the earlier application before its abandonment.

    Defendant argues that the Patents each claim a priority date of October 15, 2002, but that because of a flaw in the chain of priority under § 120, the actual priority date of the Patents is March 26, 2015. Defendant argues that it does not matter whether the America Invents Act ("AIA") or prior law applies here, because under the AIA, the Patents are anticipated under § 102(a)(1), and under pre-AIA law, they would be anticipated under pre-AIA § 102(b). Defendant provides a very helpful diagram on page 5 of its motion, which illustrates that the Patents issued from various continuation applications in a single chain of priority, the earliest of which was Provisional Application No. 60/418,384, filed on October 15, 2002. However,

according to Defendant's diagram, the chain of priority was broken in 2015. Specifically, Application No. 14/670,044, filed on March 26, 2015, was not filed until after App. No. 14/338,525 was abandoned. Three earlier applications in the (broken) chain of priority themselves resulted in published applications and patents (the '614,'581, and '644 Patents, collectively, "the Priority Patents") that anticipate the Patents. Defendant argues that there are no factual disputes as to the scope of disclosed subject matter or dates of applications and patents, and that the only issue for the Court to decide is the legal effects of those facts.

The Court denies the motions. Even assuming the priority chain under § 120 was broken—which the Court need not determine—there is no anticipation under § 102, because Ronald Carter was the sole inventor of all the Patents and Priority Patents, (U.S. Patent No. 9,432,638, at [72]; U.S. Patent No. 9,485,478, at [72]; U.S. Patent No. 9,516,284, at [72]; U.S. Patent No. 9,635,323, at [72]; U.S. Patent No. 9,648,290, at [72]; U.S. Patent No. 9,706,178, at [72]; U.S. Patent No. 8,164,614, at [75]; U.S. Patent No. 8,154,581, at [75]; U.S. Patent No. 7,193,644, at [75]), and the Priority Patents therefore do not anticipate the Patents, because they do not "name[] another inventor," 35 U.S.C. § 102(a)(2). The result would be the same under pre-AIA § 102(e). *Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d 1346, 1355–56 (Fed. Cir. 2003) ("The statute explicitly states that the reference at issue must be 'by another.' Thus, just as a patent issued to the same inventive entity cannot be prior art by admission, an application issued to the same inventive entity cannot be prior art under section 102(e)."). A question of fact can exist as to the statutory "same inventor" exception in cases where common inventors are not coextensive, *EmeraChem Holdings, LLC v. Volkswagen Grp. of Am., Inc.*, 859 F.3d 1341, 1345–46 (Fed. Cir. 2017), but that is not the case here, where there is a sole common inventor as to each of the Patents and Priority Patents.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions for Judgment on the Pleadings (ECF No. 160 in Case No. 2:17-cv-2714 and ECF No. 68 in Case No. 3:17-cv-686) are DENIED.

IT IS FURTHER ORDERED that the Motions to Stay (ECF No. 162 in Case No. 2:17-cv-2714 and ECF No. 70 in Case No. 3:17-cv-686) and the Motions to Shorten Time (ECF No. 163 in Case No. 2:17-cv-2714 and ECF No. 71 in Case No. 3:17-cv-686) are DENIED as moot.

IT IS SO ORDERED.

DATED: This 7th day of November, 2018.

_____
ROBERT C. JONES
United States District Judge